# EXHIBIT A

## TERMS AND CONDITIONS OF EMPLOYMENT WITH
### Major, Lindsey &Africa, LLC

The following are the terms and conditions of your employment with Major, Lindsey &Africa, LLC, including all of its affiliates and subsidiaries (collectively referred to as "MLA").

*(1)    Benefits:* You may be entitled to receive benefits in accordance with the terms and conditions of the governing plan documents. MLA in its sole and absolute discretion may modify or terminate any benefit at any time.

*(2)    Adherence to Policy:* You are expected to adhere to the policies and practices of MLA in all areas of your employment, including the attached Vision, Mission and Values adopted by MLA. You are also expected to adhere to the policies and procedures of MLA regarding reimbursement for reasonable business travel and client entertainment expenses. In order to receive reimbursement, you must submit regular expense reports and original receipts annotated with the description of the event, the people involved, and their organizational affiliations.

*(3)    Representations and Warranties:* You represent and warrant that:

a) Your employment by MLA and the performance of your duties as Managing Director does not violate or contravene the terms of any valid agreement, obligation, law or decree to which you are a party or by which you are bound.

b) Your employment by MLA and the performance of your duties does not involve the use or disclosure of any trade secrets or other proprietary or confidential information from any previous employer or other third-party.

c) Prior to your joining MLA, you did not pre-sell or otherwise improperly attempt to induce any client or candidate of any previous employer to follow you to MLA.

d) You agree to indemnify and hold harmless MLA, its affiliates, and their respective Members, employees, and representatives (collectively the "MLA Parties"), for and from any and all liability, including costs and attorneys' fees, arising or resulting from any judgment against the MLA Parties resulting from your breach of any of the representations and warranties contained in this paragraph entitled "*Representations and Warranties.*"

*(4)    Confidentiality:*

a) You agree that the covenants set forth herein will not preclude you from engaging in any lawful profession, trade, or business or from being gainfully employed following the termination of your employment with MLA. You acknowledge and agree that

MD T&C 2007                                                                                         1 of 8

the restrictive covenants herein have been specifically negotiated, are reasonable in all respects, and may be enforced by specific performance or otherwise. You agree that because your position with MLA places you in a position of trust and confidence and affords you access to trade secrets and other confidential and proprietary information of MLA and its candidates and clients, and that the intent of this section is to preserve and protect MLA's confidential information, trade secrets, and intellectual property, and that of its candidates and clients.

b)  You are free to leave the employment of MLA at any time. You may not, however, use in any fashion any Confidential Information, including, but not limited to, the information described herein that you have learned or otherwise acquired during your employment with MLA, in any manner whatsoever, which specifically includes using such information to compete, either directly or indirectly, with MLA after leaving MLA's employment.

c)  You agree to honor, observe and conform to the terms and conditions of all contracts executed by MLA, including, but not limited to, confidentiality agreements and/or understandings, which you have knowledge of, access to, or otherwise have been made aware.

d)  At the conclusion of your employment, you agree to execute a "Terms and Conditions of Employment – Termination Certification" in the form attached hereto as Exhibit A.

e)  You agree that during your employment with MLA and thereafter, you will strictly maintain the confidentiality of all confidential information to which you may be exposed during your employment with MLA ("Confidential Information"). You specifically agree that you will not download or in any other way copy any portion of the MLA database or any information therein or any other materials drafted by MLA not available to the public. Confidential Information includes, but is not limited to, the following:

   (1) Information about MLA: information provided to you by MLA that is not otherwise available in the public domain, including but not limited to, MLA's strategy or plans, financial information, fee structures and commission information;

   (2) Information about MLA Clients: all non-public, confidential information concerning MLA clients, including but not limited to client names not generally known in the industry, names of client contacts and related contact information, contracts, proposals, policies, client financial information, client administration, current or anticipated personnel needs, performance of client's employees, and all other non-public information; and

   (3) Information about MLA Candidates: all non-public, confidential information concerning MLA candidates, including but not limited to candidates' names, social security number, non-public background and contact information,

career history, desire to explore career opportunities, willingness to talk with another potential employer, and other non-public information about the candidate.

f) MLA realizes that some of this Confidential Information regarding candidates and clients cannot be returned to MLA because it is information contained in your memory. Nonetheless, information that is in your memory is subject to the same nondisclosure requirements stated herein, if it is non-public, confidential information you learned during your employment at MLA.

*(5)     Non-Compete Covenant:* You agree that during your employment with MLA and upon the termination of your employment for any reason for a period of one (1) year thereafter, you shall not directly or indirectly engage in or prepare to engage in, or be employed by, any business that is engaging in or preparing to engage in any aspect of MLA's Business in which you performed work during the two (2) year period preceding your termination of employment, within a radius of fifty (50) miles of the office in which you worked at the time your employment terminated or any other office in which you worked during the two (2) years preceding termination of employment, or as much geographic territory as a court of competent jurisdiction deems reasonable. The prohibitions contained in this Paragraph shall extend to (i) activities undertaken by you directly on your own behalf, and to (ii) activities undertaken by you indirectly through any individual, corporation or entity which undertakes such prohibited activities with your assistance and in or with respect to which you as an owner, officer, director, trustee, shareholder, creditor, employee, agent, partner or consultant or participate in some other capacity. "MLA Business" means the business of providing legal search, employment consulting and recruiting services relating to the permanent placement of attorneys into law firms and corporations and other lines of business MLA may engage in, enter, or prepare to enter during your employment. This provision shall not restrict you from owing a passive investment interest of less than 5% of the outstanding equity ownership or share in an organization represented by securities publicly traded on a recognized national securities exchange.

*(6)     Non-solicitation Covenant:* You agree that during your employment with MLA and upon the termination of your employment for any reason, you shall not, directly or indirectly, for a period of one (1) year thereafter:

    (a)    Approach, contact, solicit or induce any employee of MLA:

        (i)    to provide services to any individual, corporation or entity whose business is competitive with MLA, or

        (ii)    to leave the employ of MLA; or

    (b)    Approach, contact, solicit or induce any individual, corporation or other entity which is a client or customer of MLA, about which you obtained knowledge by reason of your employment by MLA, in an attempt to:

   .      .

(i)      enter into any business relationship with a client or customer of MLA, with which you worked during the two (2) year period preceding termination of your employment, if the business relationship is competitive with any aspect of MLA's Business, or

(ii)     reduce or eliminate the business such client or customer conducts with MLA; or

(c)    Approach, contact, solicit or induce any person who has been a Candidate of MLA within the two (2) year period preceding termination of your employment and about whom you obtained knowledge by reason of your employment with MLA:

(i)      to cease working for any clients or customers of MLA, or

(ii)     to refrain from beginning work for any clients or customers of MLA, or

(iii)    to provide services to any individual, corporation or entity whose business is competitive with MLA's Business.

As used in this Article 6, "approach, contact, solicit or induce" shall include any communication with any individual, corporation or entity in which you shall request or suggest, whether explicitly or by implication, that such individual, corporation or entity do any of the prohibited activities.   As used in this Article 6, "Candidate" means a person who is listed in the candidate database maintained by MLA, has been placed by MLA, or who MLA is attempting to place with a client or customer, for the purpose of performing services.  The prohibitions contained in this Article 6 shall extend to (i) activities undertaken by you directly on your own behalf, and to (ii) activities undertaken by you indirectly through any individual, corporation or entity which undertakes such prohibited activities with your assistance and in or with respect to which you are an owner, officer, director, trustee, shareholder, creditor, employee, agent, partner or consultant or participate in some other capacity.

*(7)*    ***Departure:*** Immediately upon giving notice of the termination of your employment with MLA or notice of your departure for any reason, you will provide your Regional Manager with a list of all work in progress, including all candidates who have been submitted to clients in the past three (3) months and the status of all open searches that you are pointing, including the names of candidates submitted and their status with the client.  While you remain employed by MLA after giving notice of termination or departure, you may not continue to work with candidates or clients of MLA to close a placement unless and until you have reached an agreement in writing with your Regional Manager permitting you to do so and providing for a fee specific commission arrangement on any placements closed after your departure.  Absent any such

arrangement in writing and signed by your Regional Manager, all fees on placements closed after your departure are governed as set forth in the MLA Search Policy Handbook

*(8)    Return of Property:* Immediately upon termination of your employment with MLA for any reason, or as earlier requested by MLA, you agree to return to MLA all computers and other equipment or devices owned by MLA or any of its affiliates or subsidiaries as well as all candidate and client lists and information, data, emails, correspondence, contact information, contracts, templates, marketing materials, and other documents and property in any form, including all copies and excerpts, whether in electronic form, on hard copy or on disk. In the event that during your employment you or MLA have configured any computer you own to access any MLA database or email system, you agree to permit MLA under your supervision to permanently remove any such information and/or ability to access such information from the computer(s) within 24 hours of such termination.

*(9)    Intellectual Property:* You and MLA agree that your original ideas, inventions, discoveries, photographs, drawings, writings, articles, products, patents, software, computer programs, electronic files, or other tangible items ("Works") are works made for hire as that term is defined in § 101 of the U.S. Copyright Act of 1976. You acknowledge and agree that all right, title and interest in and to the copyrights and moral rights in the Works shall be the sole and exclusive property of MLA and that MLA shall have the right to edit, revise, and adapt the Works and to cause others to make such changes in the Works as MLA, in its sole discretion, deems appropriate. If for any reason any Work would not be considered a work made for hire under applicable law, you do hereby sell, assign, and transfer to MLA, its successors and assigns, the entire right, title and interest in and to the copyrights and moral rights in such Work and any registrations and copyright applications relating thereto, and in and to all works based upon, derived from, or incorporating the Work, and in an to all income, royalties, damages, claims and payments now or hereafter due or payable with respect thereto, and in and to all causes of action, either in law or in equity for past, present, or future infringement based on the copyrights, and in and to all corresponding rights throughout the world. By way of example, and without limitation, you acknowledge and agree that regardless of your role in contributing to an article during the term of your employment, all rights, title and interest in and to the copyrights and moral rights to the article belong to MLA.

*(10)    Non-Disparagement:* You agree that in the event you leave MLA, you shall not make any statement to any third party disparaging MLA. However, if you are required to provide information in response to a government inquiry or provide testimony under oath in response to a lawful subpoena or court order, the party providing such testimony shall not be considered to have violated this agreement.

*(11)    Commission Payment Post Termination:* Payment of commissions following termination will be made as specified in the MLA Search Policy Handbook.

*(12)    Reasonableness of Covenants:* You acknowledge and agree that the foregoing covenants are reasonable and necessary to protect the legitimate business interests of

MLA. You further acknowledge and agree that the services to be rendered by you under this agreement are of special character such that MLA cannot be compensated adequately in damages for your breach or threatened breach of any of these covenants and that, as a result, MLA is entitled to temporary, preliminary, and/or permanent injunctive relief without bond from a court of competent jurisdiction to prevent or curtail any such breach or threatened breach of any of these covenants.

*(13)    Reformation of Covenants:*  If any covenant in this Letter Agreement is determined by any court of competent jurisdiction to be unreasonable or unenforceable, in whole or in part, as written, you hereby consent to and affirmatively request that the court reform the covenant so that it is enforceable to the maximum extent permitted by law and that the court enforce the covenant as reformed.

*(14)    At Will Employment:*  You acknowledge and agree that your employment with MLA is "at will," which means that either you or MLA may terminate your employment at any time for any reason with or without cause.

*(15)    Form and Method of Notice:*  You agree to assist MLA to the best of your ability to transition candidates and clients to other MLA recruiters. Any notice or other communication required or permitted to be given hereunder shall be written and sent by registered or certified mail or hand delivered at the address set forth below or to any other address of which notice is given. If to MLA: MLA Legal, LLC, Attn: President, 7301 Parkway Drive, Hanover, MD 21076. If to you: the last address recorded in your personnel file.

*(16)    Arbitration Agreement:*  As a condition of employment, all employees must sign the attached Mutual Agreement to Arbitrate Claims (Arbitration Agreement). If you have not previously signed the Arbitration Agreement, its terms are expressly incorporated into these Terms and Conditions.

*(17)    Costs and Attorneys' Fees:*  Except as otherwise provided in the Mutual Agreement to Arbitrate Claims, attached hereto and incorporated herein, the substantially prevailing party will be entitled to collect attorneys' fees from the non-prevailing party for its, his, or her reasonable costs and attorneys' fees in the final judgment of any litigation or arbitration arising out of or to enforce the Terms and Conditions of Employment.

*(18)    Entire Agreement:*  These Terms and Conditions of Employment (including the attachments) constitute the entire agreement between you and MLA concerning your employment and supersede any prior agreements (written or verbal) that may have existed regarding your employment. These Terms and Conditions of Employment may not be modified unless in writing and signed by both you and the President of MLA, and shall be governed by the laws of state in which your office is located. Your post-termination obligations under these Terms and Conditions of Employment shall survive the termination of your employment for any reason.

**Voluntary Agreement**

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BEWTEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL TO THE EXTENT I WISH TO DO SO.

**Employee**

_____
Signature of Employee

_____
Print Name of Employee    Lauren Drake

Date    8/4/14

**Major, Lindsey & Africa, LLC**

_____
Signature of Company Representative

_____
Title of Representative

Date    8/5/14